UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VAHALLA INVESTMENT PARTNERS, L.P.;
VIKING FUND, LLC; VIKING IRA FUND,
LTD; VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

    Plaintiff,

v.                                                  Case No. 8:10-CV-92-T-17MAP

DANCING $, LLC,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court pursuant to Magistrate Judge Mark A. Pizzo's Report and Recommendation (R&R) issued on March 27, 2015, (Doc. 147), and Receiver's Objection regarding the Magistrate Judge's R&R, (Doc. 149), filed April 10, 2015. For the reasons that follow below, Magistrate Judge's R&R is **ADOPTED**.

## BACKGROUND

    The facts of this case is well documented in the Eleventh Circuit's opinion, (Doc. 141), and the Magistrate Judge's second R&R. (Doc. 147). This Court references those facts to give context for evaluating whether the Magistrate Judge's R&R should be adopted.

    From 1999 through 2009, Arthur Nadel (Nadel) orchestrated a large scale Ponzi scheme, opening Hedge Fund accounts and recruiting investors based on misrepresentation of funds' assets and as to the returns the investors would receive. (Doc. 141). In 2009, Nadel's scheme collapsed when the Securities and Exchange Commission moved in with an enforcement action. (Doc. 147); See SEC v. Arthur Nadel, et. al., Case No. 8:09-cv-87-T-26TBM. By then, Nadel opened other hedge funds (the receivership entities) and recruited hundreds of unsuspecting investors to invest their money into his scheme. (Doc. 147). The majority suffered a loss, but

very few got back their principal and more. (Doc. 147). Dancing $, a Montana investment club, was one of the few. (Doc. 147). Dancing $'s members were under the presumption the money was theirs due to participating in smart investments. (Doc. 147).

The District Court in the SEC action appointed the Receiver (Wiand) to recover fraudulent transfers of money traceable to investors in the Hedge Funds for the benefit of the Hedge Funds and their creditors, including the defrauded investors. (Doc. 141). The Receiver set about "clawing back" the net-winnings investors' false profits by applying the Uniform Fraudulent Transfer Act ("UFTA"), which Florida has adopted (see Fla. Stat. § 726.105 et seq.) ("FUFTA"), and common law's unjust enrichment. (Doc. 147).

This Court issued a judgment in the Receiver's favor for the amount of the false profits but denied any prejudgment interest on that amount in view of the equities in the case. (Doc. 129). Both parties appealed. The Eleventh Circuit affirmed the judgment except for the denial of prejudgment interest, noting its earlier decision in a companion clawback action, Wiand v. Lee, 753 F.3d 1194 (11th Cir. 2014). The Eleventh Circuit remanded with instructions:

> "[I]dentify and apply the Blasland factors in order to determine whether the equitable considerations justify a denial or reduction of prejudgment interest to the Receiver in light of Florida's general rule that prejudgment interest is an element of pecuniary damages."

(See Doc. 141, 147)

On March 27, 2015, the Magistrate Judge filed a R&R finding equitable considerations to justify a reduction of prejudgment interest, and concluded that prejudgment interest should be awarded from January 13, 2010, the date the Receiver filed this action against Dancing $ and the first time Dancing $ received formal notice of the Receiver's claim. (Doc. 147). On April 10, 2015, Receiver filed an objection, regarding prejudgment interest, to the Magistrate Judge's R&R.

**LEGAL STANDARD**

Under the Federal Magistrate's Act ("Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings pursuant to 28 U.S.C. § 636. A District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (i.e. R&R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

When a party makes a timely and specific objection to a finding of fact in the R&R, the District Court should make a de novo review of the record with respect to that factual issue. (28 U.S.C. § 636(b)(1)); U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. Gropp v. United Airlines. Inc., 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

**DISCUSSION**

The Eleventh Circuit reversed the denial of prejudgment interest with instructions that the District Court "identify and apply the Blasland factors in order to determine whether equitable considerations justify denial or reduction of prejudgment interest to the Receiver in light of Florida's general rule that prejudgment interest is an element of pecuniary damages." Doc. 141 at 18, 19. This Court designated Magistrate Judge Mark A. Pizzo to submit an R&R as to the Eleventh Circuit ruling concerning prejudgment interest pursuant to 28 U.S.C. § 636. "The decision whether to refuse or reduce prejudgment interest, that is, how to balance the

equities, is within the trial court's sound discretion." Blasland, Bouck & Lee, Inc. v. City of North Miami, 283 F.3d 1286, 1298 (11th Cir. 2002). Construing the R&R in this light, this Court adopts the Magistrate Judge's R&R and grants prejudgment interest to be awarded for the time of January 13, 2010, the date of the filing of the complaint, through the date of the judgment, January 23, 2013.

**I. Prejudgment Interest.**

**A. Discretion**

"Discretion to deny prejudgment interest is created only when there are 'peculiar circumstances' that would make it inequitable for the losing party to be forced to pay prejudgment interest." Parking Towing Co. v. Yazoo River Towing, Inc., 794 F.2d 591, 594 (11th Cir. 1986); see Broward County v. Finlayson, 555 So. 2d. 1211, 1213 (Fla. 1990) (recognizing "[i]nterest is not recovered to a rigid theory of compensation for money withheld, but is given in response to consideration of fairness. It is denied when its exaction would be inequitable."). "Although it appears that there is no Florida or Eleventh Circuit caselaw on point, there is extensive Florida caselaw making the right to recover prejudgment interest subject to equitable considerations." Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1305 (11th Cir. 2007).

In the instant case, Magistrate Judge Pizzo was appointed by this Court to provide the Court with a recommendation in his sound discretion. The Court is satisfied with the Magistrate Judge's evaluation of the Blasland factors suggested by the Eleventh Circuit, and also the accompanied "peculiar" circumstances:

> "[T]he obliging transferee's motives and character, which FUFTA typically demands be suspect, have no relevance even though he is as innocent as any other debtor who is victim to the scheme. The only difference between the two is that the clawback transferee is just not as victimized as his unfortunate cohort."

Doc. 147 at 7.

Further, neither side, nor the Magistrate Judge, cites to a Florida case with similar facts to the one before the Court. The Eleventh Circuit's remand asks the Court to consider denial or reduction of prejudgment interest in light of Florida's general rule that prejudgment interest is an element of pecuniary damages. Doc. 141 at 18, 19. This Court agrees that "[if no Florida case speaks to similar facts, how is this Court to appropriately consider Florida's general rule in the manner Florida courts would?" Doc. 147 at 8. The R&R further explains:

> "The Eleventh Circuit's remand cannot be read to say that the general rule is anything other than general, or to say that this Court must rigidly adhere to the general rule thereby entitling the Receiver to the interest calculated from the date of the clawed-back transfers. If, so the remand would have simply instructed the Court to compute the sum. Nor can the remand be read to say that Blasland's three factors (or four) are the only ones this Court should consider when Blasland plainly states the factors recited are not exclusive."

Doc. 147 at 8, 9.

This Court agrees with Magistrate Judge's interpretation of the Eleventh Circuit's instructions. It is also important to note that both parties now agree that none of Blasland's factors apply. (Doc. 144; Doc. 146).

The Receiver contends the answer is straightforward: "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss" Doc. 149 at 12 (citing to Wiand v. Lee, 753 F.3d 1194, 1204 (11th Cir. 2014)). The Receiver further contends that, "if there is no Florida case authorizing departure from the general rule under similar facts, then the Court should apply the general rule awarding prejudgment interest from the date of loss." Doc. 149 at 13. This Court does not agree with this rigid interpretation of the Florida's general rule. To apply a rigid standard to Florida's prejudgment's presumption to all transferees across the

5

board would defeat the purpose of authorizing the District Court to make decisions according to her sound discretion. Blasland notes as much:

> When a district court has discretion, there are usually a range of choices it may make and still be affirmed; there is not only one right choice for the court to make. Accordingly, in determining whether a district court has abused its discretion, we sometimes will affirm even though, had the case been ours to decide in the first instance, we would have reached a different result than the district court.

Blasland, 283 F.3d at 1298.

Therefore, the Court finds here that the Magistrate Judge's equitable considerations and interpretation of Florida's general rule is proper.

### B. Amount of Prejudgment Interest

"Per Blasland, the weight of equitable considerations may warrant a reduction in the amount of prejudgment interest award." Doc. 147 at 10 (citing to Blasland, 283 F.3d at 1297.)

Furthermore, the R&R states:

> "Having balanced the equities here, it would be unfair to permit the Receiver to recover prejudgment interest from January 11, 2008, and April 11, 2008, the dates of the transfers to Dancing $, in the amount of $37, 967.48 for the reasons I have already stated". . . ." Instead, as other courts have concluded in similar Ponzi scheme fraudulent transfer actions in which the transferee had not engaged in culpable conduct, I find that equitable considerations justify a reduction of prejudgment interest and conclude that prejudgment interest should be awarded from January 13, 2010, the date the Receiver filed action against Dancing $ and the first time Dancing $ received formal notice of the Receivers claim."

Doc. 147 at 10 (citations omitted).

The Court agrees with the Magistrates Judge's review that "[t]his conclusion is not inconsistent with Florida's general rule concerning the payment of prejudgment interest: once damages are liquidated, prejudgment interest is considered an element of damages as a matter of law, and the plaintiff is to be made whole from the date of the loss." Doc 147 at 11 (citing to Broward Cnty v.

6

Finlayson, 555 So. 2d 1211); (quoting Argonaut Ins. Co. v. Mary Plumbing Co., 474 So. 2d 212 (Fla. 1985)).

The Receiver objects to this recommendation and contends if "none of the Blasland factor applies, the Magistrate Judge had no basis to deviate from the general rule awarding the Receiver prejudgment interest from the dates of the fraudulent transfers to Dancing $." Doc. 149 at 14. The Court disagrees. Due to the peculiar circumstances of this case, equitable considerations should be accounted for and balancing those considerations are left up to the discretion of the Court. See Blasland, F.3d at 1298 (trial court has sound discretion to balance the equities). "Although it appears that there is no Florida or Eleventh Circuit caselaw on point, there is extensive Florida caselaw making the right to recover prejudgment interest subject to equitable considerations." Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1305 (11th Cir. 2007). The Magistrate Judge has acted in accordance with the instructions from the Eleventh Circuit when properly balancing the equities in this particular case. Cf. In re Slatkin, 243 F. App'x 255, 259 (9th Cir. 2007) (despite plaintiff's demand for prejudgment interest from dates of disbursements from Ponzi schemer, court awarded it from date action commenced against innocent investor).

The Court has reviewed the report and recommendation and made an independent view of the record. Upon due consideration, the Court concurs with the Report and Recommendation. Accordingly, it is

**ORDERED** that the Report and Recommendation, March 27, 2015 (Doc. 147) be **ADOPTED** and **INCORPORATED BY REFERENCE**; the objections of Receiver (Doc. 149) be **OVERRULED**; the Clerk is directed to enter judgment for the Receiver and against the

7

Case No. 8:10-CV-92-T-17MAP

Dancing $ in the amount of $17, 724.12 (Doc. 148); The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of June, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel and Parties of Record