UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

      Plaintiff,

v.                                                       Case No. 8:10-CV-92-T-17MAP

DANCING $, LLC,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      In a *per curium* Order, the court of appeals instructed this Court to calculate prejudgment interest from the dates of the pertinent fraudulent transfers to Dancing $, LLC. *See Wiand v. Dancing $, LLC*, No. 15-13410 (March 10, 2016). Because Nadel fraudulently transferred false profits to Dancing $ on January 1, 2008 ($105,602.89), and April 9, 2008 ($1,549.22), interest should be calculated from these dates through January 23, 2013, the date this Court entered judgment in the Receiver's favor. *See* doc. 144, pp. 3-4. Pursuant to Fla. Stat. § 55.03, the Florida Chief Financial Officer sets the prevailing rates each year. The interest rate is established at the time a judgment is obtained and such interest rate shall be adjusted annually on January 1 of each year in accordance with the interest rate in effect on that date as set by the Chief Financial Officer. Fla. Stat. §55.03.

      Following the Eleventh Circuit's remand order, the Court provided the Receiver and Dancing

$, LLC with an opportunity to file a notice to the Court reflecting their positions as to the amount of prejudgment interest which should be awarded. *See* Endorsed Order, doc. 159. The Receiver, relying on Fla Stat. §55.03 and its financial expert Maria Yip, calculates the total prejudgment interest through January 23, 2013 at $37,967.48. This total includes prejudgment interest in the amount of $37,453.04 calculated from the transfer of $105,602.89 in false profits to Dancing $, LLC on January 11, 2008, and prejudgment interest in the amount of $514.44 calculated from the transfer of $1,569.22 in false profits to Dancing $, LLC on April 11, 2008. *See* Declaration of Maria Yip, doc. 145-1 (Exhibit 1, a detailed chart reflecting calculation of prejudgment interest). However, Dancing $, LLC has not responded to the Court's notice nor objected to the Receiver's calculations. Given this, and the fact that the time for doing so has lapsed, this Court presumes that Dancing $, LLC has no objection to the Receiver's computations. *See* Order, doc. 159; Local Rule 3.01(b). Accordingly, for the reasons set forth herein, it is hereby

RECOMMENDED:

1. That prejudgment interest be awarded against Dancing $, LLC in the amount of $37,967.48.

IT IS SO REPORTED in Tampa, Florida, on June 28, 2016.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from

attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).


cc:	Hon. Elizabeth A. Kovachevich
	Counsel of Record