UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VAHALLA INVESTMENT PARTNERS, L.P.;
VIKING FUND, LLC; VIKING IRA FUND,
LTD; VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

    Plaintiff,

v.                                        Case No. 8:10-CV-92-T-17MAP

DANCING $, LLC,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to Magistrate Judge Mark A. Pizzo's Report and Recommendation (R&R) issued on June 28, 2016, (Doc. 161) recommending that prejudgment interest be awarded against Dancing $, LLC in the amount of $37,967.48. For the reasons that follow below, Magistrate Judge's R&R is **ADOPTED**.

## LEGAL STANDARD

Under the Federal Magistrate's Act ("Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings pursuant to 28 U.S.C. § 636. A District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (i.e. R&R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R & R to

Case No. 8:10-CV-92-T-17MAP

which objection is made. 28 U.S.C. § 636(b)(1).

When a party makes a timely and specific objection to a finding of fact in the R&R, the District Court should make a de novo review of the record with respect to that factual issue. (28 U.S.C. § 636(b)(1)); U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. Gropp v. United Airlines. Inc., 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).  No timely objections were filed herein.

## DISCUSSION

The Eleventh Circuit reversed the denial of prejudgment interest with instructions that the District Court calculate prejudgment interest from the dates of the pertinent fraudulent transfer to the defendant.  The Court provided the parties time to calculate the amount that should be awarded.  The Receiver filed its calculation as follows: "the total prejudgment interest through January 23, 2013 at $37,967.48. This total includes prejudgment interest in the amount of $37,453.04 calculated from the transfer of $105,602.89 in false profits to Dancing $, LLC on January 11, 2008, and prejudgment interest in the amount of $514.44 calculated from the transfer of $1,569.22 in false profits to Dancing $, LLC on April 11, 2008." (R&R at page 3).

The Court has reviewed the report and recommendation and made an independent view of the record.  Upon due consideration, the Court concurs with the Report and Recommendation.

Accordingly, it is

2

Case No. 8:10-CV-92-T-17MAP

**ORDERED** that the Report and Recommendation, June 28, 2016 (Doc. 161) be **ADOPTED** and **INCORPORATED BY REFERENCE** and the Clerk is directed to enter judgment for the Plaintiff in amount of $37,453.04.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of July, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record

3